## The inhabitants of CALAIS *vs.* DYER.

The remedy by complaint, provided by *Stat.* 1821, *ch.* 45, for the owner of lands flowed by the erection of a mill-dam, does not lie for a town, against one who has flowed a town road, the fee still remaining in the original owner.   For such injury, the remedy is by special action on the case.

But it seems that it does lie for one who has only a private easement in the land ; and also for a tenant for years.

THE facts in this case, which were agreed by the parties, are sufficiently stated in the opinion of the court.

The question was argued in writing, in the last vacation, by *Green-leaf* and *Downs* for the complainants, and *Deane* and *Chandler* for the defendant ; and the opinion of the court was delivered in *Cumberland,* at the adjournment of *May* term in *August* of the present year, by

MELLEN C. J.   This is a complaint for flowing lands, founded

on our statute of 1821, *ch.* 45. The facts of the case, as stated in the agreement of the parties or admitted in argument, are few and simple. The mill dam, which caused the flowing and damage complained of, was erected by the respondent, on his own land, in *October*, 1824, to raise a sufficient head of water for the working of his mill. The land which is flowed is a town road, laid out and accepted by the town of *Calais*, several years before the dam was erected. For such flowing, and for the recovery of damages to reimburse the town the expense they have incurred and must annually incur, in changing the course of the travel and building and keeping in repair a causeway, rendered necessary by such flowing, can the town maintain this process? There is no question that if a town is seised of a piece of land flowed by means of a mill dam, a complaint, grounded on the statute, is a regular proceeding; but the town is not seised of the land, covered by the road, and then covered by the water; the land belongs to the original owner, his heirs or assigns, subject to the public easement, which has been impaired and damaged. The town certainly owns no more than an easement; and as a town road is as much a public road as a county road is, for all the purposes of travelling and use, the consequence is that the easement is a public one; and it cannot be considered, in a legal point of view, as the town's easement or property; hence the question arises, what right has the town of *Calais* to resort to this statute process, for the purposes alleged, more than any other town? All towns have the same interest in the easement. How then can such facts as this case presents, sustain this prosecution? Could the legislature ever have contemplated that the destruction of a highway might lawfully be effected by means of flowing produced by a mill dam? Could they have intended that one general statute should have been enacted in direct hostility to the provisions and requisitions of another general statute? One law declaring it an indictable offence to obstruct or place nuisances in a highway, and another, making it lawful so to do, and even to destroy it? We confess that it is difficult to believe that such inconsistencies were ever designed by the framers of the act of 1821 before mentioned. We are not disposed to deny that a lessee for years may maintain this kind of

process; and, on the same principles, perhaps, it is equally true that the owner of a private easement may avail himself of the provisions of the act, if by means of such flowing he has been totally or partially deprived of the easement, or the same has been impaired; as in case of a right of way across another's land in a particular direction. Such cases present none of those difficulties which embarrass this cause. The principles now intimated are not at variance with those on which the decision was founded in *Stowell v. Flagg*, 11 *Mass.* 364; which appears to have been carefully considered. Whether an indictment would lie against the defendant for a nuisance, we do not decide, because it is not necessary on this occasion. We have intimated our impressions in the queries above suggested.

But is the town of *Calais* without remedy? They have certainly been injured; and though the easement belongs to the public, it is the duty of the town to preserve and continue it. The town, therefore, seems entitled to damages by way of reimbursement. And why may they not recover such damages in a special action on the case? In terms, the statute process, and that only, is to be resorted to when "any person shall sustain damages in his lands by being flowed," &c. &c. That seems not to be the present case; and, as before intimated, such a case as the present seems not to be within the language or the spirit of the act. In the case of *Jewell v. Gardiner*, 12 *Mass.* 311, an objection to such a course of proceeding was not made by the counsel for the defendant, distinguished as they were. *Jewell*, in a special action on the case, alleged that defendant had built a dam across *Cobbessee* stream, by means whereof the water of said stream was flowed back upon a dam built by the plaintiff across the same stream above the dam erected by the defendant, so as to prevent the working of the plaintiff's mill. *Gardiner's* dam was built on his own land. The action was defended and defeated on the ground that the plaintiff's dam was erected wrongfully, and against the will of the defendant, who owned the land on which one end of the dam was built. Here was a flowing occasioned by the lawful erection of a dam by the defendant; but as the damage complained of was not of the statute kind, namely,

flowing the plaintiff's land, the learned counsel for the defendant rested the defence upon the illegal conduct and want of title on the part of the plaintiff. On the same principle, perhaps the town of *Calais* may maintain such an action against *Dyer*, and compel him to reimburse that expense which his act has occasioned. But the present process cannot be sustained ; and that is the only point we mean to decide. *A nonsuit must be entered.*